<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DERRICK ELLIS, | : | |
| | : | Civil Action No. 05-5999 (JLL) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| JOHN D'AMICO, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Plaintiff <u>pro</u> <u>se</u>
Derrick Ellis
Northern State Prison
168 Frontage Road
P.O. Box 2300
Newark, NJ 07114

**LINARES**, District Judge

Plaintiff Derrick Ellis, a prisoner confined at Northern State Prison in Newark, New Jersey, seeks to bring this action <u>in forma pauperis</u> pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be

granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.   BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that he participated in a parole revocation hearing on July 25, 2005.  On August 31, 2005, at a meeting of the New Jersey State Parole Board, defendants Thomas Haaf and James P. Van Etten rendered a decision to revoke parole and establish a Future Eligibility Term of twelve months.  On or about September 14, 2005, officials with the New Jersey State Parole Board prepared a "Notice of Decision" informing Plaintiff of that decision, which Plaintiff did not receive until November 17, 2005.  Plaintiff contends that he was deprived of liberty without due process because the decision and notification took place outside the time limits established in the New Jersey Administrative Code.

Plaintiff seeks declaratory relief, compensatory and punitive damages, and immediate reinstatement on parole.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28

2

U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C.
§ 1915A (actions in which prisoner seeks redress from a
governmental defendant); 42 U.S.C. § 1997e (prisoner actions
brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the
Court must be mindful to construe it liberally in favor of the
plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United
States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must
"accept as true all of the allegations in the complaint and all
reasonable inferences that can be drawn therefrom, and view them
in the light most favorable to the plaintiff."  Morse v. Lower
Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court
need not, however, credit a pro se plaintiff's "bald assertions"
or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis
either in law or in fact."  Neitzke v. Williams, 490 U.S. 319,
325 (1989) (interpreting the predecessor of § 1915(e)(2), the
former § 1915(d)).  The standard for evaluating whether a
complaint is "frivolous" is an objective one.  Deutsch v. United
States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a
claim only if it appears "'beyond doubt that the plaintiff can
prove no set of facts in support of his claim which would entitle
him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v.

3

Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48

4

(1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir.
1994).

IV.   ANALYSIS

In a series of cases beginning with Preiser v. Rodriguez,
411 U.S. 475 (1973), the Supreme Court has analyzed the
intersection of 42 U.S.C. § 1983 and the federal habeas corpus
statute, 28 U.S.C. § 2254.   In Preiser, state prisoners who had
been deprived of good-conduct-time credits by the New York State
Department of Correctional Services as a result of disciplinary
proceedings brought a § 1983 action seeking injunctive relief to
compel restoration of the credits, which would have resulted in
their immediate release.   411 U.S. at 476.   The prisoners did not
seek compensatory damages for the loss of their credits.   411
U.S. at 494.   The Court held that "when a state prisoner is
challenging the very fact or duration of his physical
imprisonment, and the relief he seeks is a determination that he
is entitled to immediate release or a speedier release from that
imprisonment, his sole federal remedy is a writ of habeas
corpus."   Id. at 500.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Court
addressed a corollary question to that presented in Preiser,
whether a prisoner could challenge the constitutionality of his
conviction in a suit for damages only under § 1983, a form of
relief not available through a habeas corpus proceeding.   Again,

the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted). The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will <u>not</u> demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted). The Court further held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." <u>Id.</u> at 489-90.

More recently, in <u>Edwards v. Balisok</u>, 510 U.S. 641 (1997),
the Supreme Court applied the lessons of <u>Preiser</u> and <u>Heck</u> to a
state prisoner action, seeking compensatory and punitive damages,
challenging the constitutionality of procedures used in a prison
disciplinary proceeding that resulted in the loss of good-time
credits, but not necessarily challenging the result and not
seeking the restoration of the good-time credits.  Again, the
Court emphasized that such a claim is not cognizable under § 1983
if a favorable outcome would necessarily imply the invalidity of
the challenged judgment, there the disciplinary finding and
punishment.  520 U.S. at 646-8.

Here, Plaintiff seeks to bring an action for declaratory and
injunctive relief and damages arising out of alleged deprivations
of due process in connection with his parole revocation hearings.
The Supreme Court teaches that the requirements of due process in
general do apply to parole revocation proceedings.  <u>See generally</u>
<u>Morrissey v. Brewer</u>, 408 U.S. 471 (1972).  Specifically, before
being deprived of liberty through revocation of parole, a parolee
is entitled to a prompt preliminary hearing, at or reasonably
near the place of the alleged parole violation or arrest, to
determine whether there is probable cause or reasonable ground to
believe that the parolee has committed acts that would constitute
a violation of parole conditions.  <u>Morrissey</u>, 408 U.S. at 485.
The determination that reasonable ground exists for revocation of

parole should be made by someone not directly involved in the case, after notice to the parolee, an opportunity for the parolee to speak on his own behalf and to present evidence and witnesses, and to question those who have given adverse information.  Id. at 485-87.

A parolee is also entitled to a final revocation hearing which "must lead to a final evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation."  Id. at 488.  "The parolee must have an opportunity to be heard and to show, if he can, that he did not violate the conditions, or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation."  Id.  The minimum requirements of due process include "(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) an opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole."  Id. at 489.

Plaintiff's action for declaratory and injunctive relief and damages presents precisely the types of claims barred by the Preiser/Heck/Balisok line of cases.  A determination that he was deprived of liberty without due process would necessarily imply the invalidity of his current custody.  Accordingly, the action is premature until such time as the parole revocation decision has been otherwise invalidated.  See White v. Gittens, 121 F.3d 803, 807 (1st Cir. 1997) (holding that claim for damages and declaratory relief for allegedly unconstitutional parole revocation, which had not been reversed on appeal or otherwise invalidated, is not cognizable under § 1983); Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996) (holding that Heck applies to proceedings which call into question the fact or duration of parole or probation).

Plaintiff's request for immediate reinstatement on parole must be brought as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 following exhaustion of his state remedies.

V.   <u>CONCLUSION</u>

For the reasons set forth above, the Complaint must be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim.  It does not appear that Plaintiff can cure the deficiencies in the Complaint by amendment.  An appropriate order follows.


                                   /s/ Jose L. Linares
                                   United States District Judge

Dated: June 7, 2006

10